UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYESHA ISOM, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:24-cv-01106 (UNA) |
| v. ) | |
| ) | |
| BRETT FREEDMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons explained below, it dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, a resident of Denton, Texas, sues the Chief of Staff for the National Security Division of the U.S. Department of Justice, a former American diplomat and ambassador, a former United States President, and the Chief Justice of the U.S. Supreme Court. *See* Compl. at 1–3, 6. The complaint is vague and rambling, alleging a wide-spread government-led conspiracy— initiated during President George W. Bush's administration, and still in force, to date—to surveille

non-citizens, but that ultimately led to the surveillance of U.S. citizens, as well. *See id.* at 4. The complaint then oscillates through disparate topics, including, the "political agendas," "emotional jealousy rages," and general unprofessionalism of the "FISA intelligence service," "federal government kidnappings," "extortion damages to the born U.S. citizens," protecting "families" from "an unknown foreign monster," "federalist responsibilities," "immoral practices of the DOJ Officers and Judges [who] can't be trusted to tell the truth," and capital punishment. *See id.* at 7. Plaintiff demands that this court "cancel the FISA system," and "hold the DOJ National Security Division federal agency responsible for injuries and misuse of power with a restitution of $1 trillion." *See id.* at 4, 7. She contends that this award would be derived from a "lien of settlement" held on her behalf by the Federal Reserve. *See id*.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard.

Consequently, the complaint and this case are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:  May 20, 2024

                                           /s/                             
                                   AMIT P. MEHTA
                              United States District Judge